Bret Martin (SBN 304658)
    E-Mail:  bmartin@fisherphillips.com
Madeleine M. Nadeau (SBN 334366)
    E-Mail:  mnadeau@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile:  (858) 597-9601

Attorneys for Defendant
Extra Space Management, Inc.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN BURKHARDT, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>EXTRA SPACE MANAGEMENT, INC., a Utah Corporation, and DOES 1 to 50, inclusive,<br><br>                    Defendants. | Case No: 2:25-at-233<br><br>*[Previously known as Sacramento County Superior Court Case No. 25CV001234]*<br><br>**DEFENDANT EXTRA SPACE MANAGEMENT, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446**<br><br>State Complaint Filed: January 15, 2025<br>Trial Date: Not Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF JORDAN BURKHARDT, AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. sections 1332(a), 1441(b) and 1446(b), Defendant EXTRA SPACE MANAGEMENT, INC. ("Defendant" or "Extra Space"), removes the above-entitled action from the Sacramento County Superior Court of the State of California to the United States District Court for the Eastern District of California. In support of removal, Defendant states as follows:

FP 53834539.1

## I.   STATEMENT OF JURISDICTION

1.   This matter is a civil action over which this District Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). This action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00. Pursuant to U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after the receipt by Defendant and includes a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

## II.   VENUE

2.   Pursuant to 28 U.S.C. section 1441(a), venue is proper in this Court because it is the "district and division embracing the place where such action is pending." This action was filed in the California Superior Court for the County of Sacramento. Thus, venue properly lies in the United States District Court for the Eastern District of California. *See* 28 U.S.C. §§ 84(b), 1391, and 1441.

## III.   PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

3.   On January 15, 2025, Plaintiff JORDAN BURKHARDT ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Sacramento, entitled, JORDAN BURKHARDT, an individual v. EXTRA SPACE MANAGEMENT, INC., a Utah Corporation, and DOES 1 to 50, inclusive, Case No. 25CV001234 (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached as **Exhibit A** to the Declaration of Bret Martin ("Martin Decl."), ¶ 2. The allegations of the Complaint are incorporated by reference in this Notice of Removal without admission of or agreement to the truth of any of them.

4.   Plaintiff's Complaint asserts seven causes of action for: (1) Disability Discrimination in Violation of Cal. Gov't Code § 12940(a); (2) Failure to Engage in the Interactive Process in Violation of Cal. Gov't Code § 12940(n); (3) Failure

FP 53834539.1

to Provide Reasonable Accommodation in Violation of Cal. Gov't Code § 12940(m); (4) Failure to Take All Reasonable Steps to Prevent Discrimination in Violation of Cal. Gov't Code § 12940(k); (5) Retaliation in Violation of FEHA (Cal. Gov't Code § 12940(h)); (6) Retaliation in Violation of CFRA (Cal. Gov't Code § 12945.2, et seq.); and (7) Wrongful Termination in Violation of Public Policy. Martin Decl., **Exhibit A**, ¶¶ 20-84.

5.     On January 17, 2025, Plaintiff personally served a copy of the Summons and Complaint and related papers on Extra Space's registered agent for service of process. Declaration of Brett Nelson (hereinafter "Nelson Decl."), ¶ 8. Accordingly, the removal is timely under 28 U.S.C. § 1446(b). True and correct copies of the Summons, Civil Case Cover Sheet, and Notice of Case Assignment and Case Management Conference are attached as **Exhibit B** to Martin Decl., ¶ 3.

6.     The Complaint (**Exhibit A**), and the Summons, Civil Case Cover Sheet, and Notice of Case Assignment and Case Management Conference (**Exhibit B**) are the only pleadings, process, or orders that have been served upon Defendant. Martin Decl., ¶ 4.

7.     This Notice of Removal is timely filed because it is filed within thirty (30) days of service of the initial pleading setting forth the claim for relief upon which the State Lawsuit is based. *See* 28 U.S.C. § 1446(b)(3); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (11th Cir. 1999). In addition, this Notice of Removal has been filed within one year of commencement of the State Lawsuit as required by 28 U.S.C. § 1446(b). Therefore, this Notice of Removal has been timely filed.

## IV.     REMOVAL IS SUBJECT TO A LIBERAL PLEADING STANDARD

8.     In 2014, the U.S. Supreme Court held that notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Rule 8(a) of the Federal Rules of Civil Procedure. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014). Accordingly, such

DEFENDANT EXTRA SPACE MANAGEMENT, INC.'S
NOTICE OF REMOVAL

FP 53834539.1

notices need not attach evidence or meet a burden of proof, but rather need only contain a "short and plain statement of the grounds for removal." *Id.*; 28 U.S.C. § 1446(a). Only if the Court, or another party, contests the allegations of removability must the removing party submit evidence supporting its allegations, whereupon removability is decided under a preponderance of evidence standard. *Dart Cherokee*, 135 S.Ct. at 553-554.

## V.   GROUNDS FOR REMOVAL

### A.   <u>Removal is Warranted Because Complete Diversity of Citizenship Exists Between Plaintiff and Defendant</u>

#### 1.   *Citizenship of Plaintiff*

9.   For diversity purposes, a person is a "citizen" of the state in which he is domiciled. 28 U.S.C. § 1332 (a)(1); *see also Kanotor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain). Residence is *prima facie* evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011). In fact, it is presumed that a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

10.   Plaintiff's Complaint states that he "is now, and at all relevant times mentioned in this Complaint, a resident of the State of California." *See* Martin Decl., **Exhibit A**, Compl. ¶ 1. Nothing in the Complaint or other pleadings suggests anything other than Plaintiff being a resident of California. Accordingly, Plaintiff is domiciled in and is a citizen of the State of California.

/ / /

/ / /

FP 53834539.1

### 2.   *Citizenship of Defendant Extra Space*

11.   For purposes of diversity jurisdiction, a corporation's citizenship may be dual, in that a corporation may be deemed a citizen of every state by which it has been incorporated *and* of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c). However, the citizenship of a corporation is a corporation's "principal place of business" or "nerve center," which is normally its corporate headquarters. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183 (2010). A corporation's "principal place of business" or "nerve center" refers to the place where a corporation's board and high-level officers direct, control and coordinate its activities. *Id*. at 1186, 1192.

12.   A corporation merely doing business within the forum state is not enough to establish the corporation's "principal place of business" or "nerve center" for purposes of diversity jurisdiction or removal purposes. *Id*. at 1194 ("if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the 'principal place of business' is New York.").

13.   Defendant is not a citizen of California. As a corporation, Defendant is deemed to be a citizen of the state in which it has been incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). In *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), the Supreme Court clarified the definition of a corporation's "principal place of business" and concluded that "principal place of business" "[refers] to the place where a corporation's officers direct, control, and coordinate the corporation's activities." Further, "in practice," the principal place of business "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

14.   Here, at all relevant times – both at the time of the filing of the Complaint and now at the time of removal – Defendant was and remains

5

incorporated in the state of Utah, with its principal place of business located in Salt Lake City, Utah. Nelson Decl., ¶¶ 6-7. Defendant's corporate headquarters, located in Salt Lake City, Utah, is the actual center of direction, control and coordination of all major human resources, payroll, legal, operational, and administrative functions. *Id.* at ¶ 7. The respective officers for the aforementioned departments work in Salt Lake City, Utah, and are responsible for developing policies and protocols for Defendant's operations. *Id.* Members of Extra Space's senior executive team, including the Chief Executive Officer, Executive Vice President and Chief Financial Officer, Executive Vice President and Chief Legal Officer, Executive Vice President and Chief Marketing Officer, Executive Vice President and Chief Operations Officer, Executive Vice President and Chief Investment Officer, and Executive Vice President and Chief Strategy and Partnership Officer all work out of Extra Space's corporate headquarters in Salt Lake City, Utah. *Id.* In addition to conducting executive meetings at the Salt Lake City headquarters, these individuals primarily perform their day-to-day job duties in Salt Lake City, Utah, including controlling, directing, and coordinating the activities of Extra Space. *Id.* Moreover, Defendant's Board of Directors meets in Salt Lake City, Utah. *Id.*

15. Because Defendant's principal place of business is in Salt Lake City, Utah, and Defendant is incorporated in Utah, Defendant is not a citizen of California for diversity purposes.

### 3. *Citizenship of DOES 1-50*

16. The Complaint also names as Defendants DOES 1 through 50 ("Doe Defendants"). The Doe Defendants named in the Complaint are not considered in assessing diversity. *See e.g.*, *Newcombe v. Adolf Coors Co*. 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C. §1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of

/ / /

the named defendants."). Accordingly, the citizenship of the alleged Doe Defendants does not impact the diversity analysis for removal.

## VI.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

17.    Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

18.    Plaintiff's Complaint does not identify the amount in controversy in-full for this action. However, the $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome. In fact, when seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S.Ct. at 554. The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See, e.g., Saulic v. Symantec Corp.*, No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014). A defendant need only to establish by a preponderance of evidence that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

19.    Plaintiff does not specify a total damage sum in his Complaint. Accordingly, this Court may consider whether it is facially apparent from the Complaint that it is more likely than not that the jurisdiction amount of $75,000 is in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Defendants, however, are not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer*, 116 F.3d at 377. Notwithstanding the fact that Plaintiff fails to specify the dollar amount of damages being sought in the

7

Complaint, the allegations of the Complaint demonstrate that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000. Economic damages, non-economic damages, general damages, punitive damages and attorneys' fees are all included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

20.   Defendant adamantly denies Plaintiff's allegations, denies any liability, and denies Plaintiff has suffered any damages. Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). This includes any possible award of attorneys' fees where, as here, a statute at issue awards attorneys' fees to the prevailing party. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.") (citations omitted); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998). Essentially, the ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

21.   In the instant case, Plaintiff alleges seven causes of action seeking recovery of: (1) economic damages, including, but not limited to, losses for lost back pay, plus interest, lost fringe benefits and future lost earnings and fringe benefits; (2) non-economic damages for emotional distress and pain and suffering; (3) exemplary and punitive damages according to proof at trial; (4) attorneys' fees and costs of suit; (5) prejudgment and post-judgment interest; and (6) other further relief as deemed just and proper. Martin Decl., **Exhibit A**, Compl., Prayer. California federal courts have routinely found that the amount-in-controversy

requirement is satisfied in cases with similar claims. *See, e.g., Rodriguez v. Home Depot, USA, Inc.*, No. 16-CV01945-JCS, 2016 WL 3902838 (N.D. Cal. July 19, 2016) (amount-in-controversy requirement satisfied in wrongful termination case seeking lost wages, equitable relief, restitution, punitive damages, and attorneys' fees and costs); *Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW, 2016 WL 589853 (C.D. Cal. Feb. 11, 2016) (amount-in-controversy requirement satisfied in disability discrimination case seeking lost earnings, punitive damages, and attorneys' fees); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029 (2002) (amount-in-controversy requirement satisfied in employment discrimination case seeking compensatory damages, punitive damages, injunctive relief, and attorneys' fees).

22.    Here, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, based on the following allegations and evidence:

### A. Economic Damages

23.    Plaintiff alleges that, as a result of Defendant's conduct, he is entitled to economic damages, including, but not limited to, losses for lost back pay, plus interest, lost fringe benefits and future lost earnings and fringe benefits. *See*, *e.g*., Martin Decl., **Exhibit A**, Compl., Prayer at ¶ 2. Under California's Fair Employment and Housing Act, Cal. Gov't Code section 12926, *et seq*., all non-contractual tort remedies are potentially recoverable, including back pay, front pay, compensatory damages, punitive damages, attorneys' fees and costs. *See, e.g., Commodore Home Sys., Inc. v. Super. Ct.*, 32 Cal.3d 211 (Cal. 1982). Plaintiff was a full-time employee working as a property manager earning $18.03 per hour at the time his employment with Extra Space ended in May 2024. Nelson Decl., ¶ 9. This amounts to approximately $3,125.20 average monthly pay, not including benefits [($18.03 per hour x 40 hours per week x 52 weeks per year) ÷ 12 months in a year].

24.    Plaintiff makes no allegation in his Complaint that he has found other work, let alone work that pays the same compensation that he previously received from Defendant. Thus, Plaintiff is seeking approximately 8 months of lost wages

9                              Case No.: 2:25-at-233
DEFENDANT EXTRA SPACE MANAGEMENT, INC.'S
NOTICE OF REMOVAL

from the time of his termination in May 2024 to the filing of the Complaint in January 2025 and this claim will continue to accrue during the pendency of this litigation. Therefore, assuming it takes approximately 12 more months before this matter is resolved by trial, Plaintiff will claim approximately 20 months of lost wages, or $62,504.00 ($3,125.20 per month x 20 months). However, Plaintiff's claimed lost wage damages do not end there. Plaintiff may also be entitled to "front pay" damages in the form of potential future lost wages beyond even the date of trial, to compensate Plaintiff for lost future expected earnings had the alleged unlawful termination not occurred. Such damages can include pay for multiple years of employment. *See, e.g.*, *Rabago-Alvarez v. Dart Industries, Inc.*, 55 Cal.App.3d 91, 97 (1976) (4 years' pay deemed reasonable as "front pay" damages). Even assuming Plaintiff only obtains three years of front pay damages, this would amount to an additional $112,507.20.

### B. General Damages, Including Emotional Distress

25.    Plaintiff also seeks an unspecified amount of general non-economic damages. Martin Decl., **Exhibit A**, Compl., Prayer ¶ 2. Plaintiff specifically alleges that, as a direct result of Defendant's conduct, he has suffered humiliation, embarrassment, mental and emotional distress, shame, anxiety, and discomfort, "all of which is substantial and enduring." Martin Decl., **Exhibit A**, Compl., ¶¶ 29, 38, 47, 61, 74. Accordingly, it is very likely that Plaintiff will seek a substantial sum for emotional distress damages. *Simmons v. PCR Technology, Inc.*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002) ("emotional distress damages in a successful employment discrimination case may be substantial."). Recent verdicts in employment cases confirm that emotional distress awards may be substantial:

1.    *Forer vs. St. Luke's Hospital*, United States District Court, N.D. California, 2001 WL 558058 (N.D. Cal. Mar. 21, 2001) (jury awarded **$260,000** for emotional distress in connection with the plaintiff's wrongful termination claim).

FP 53834539.1

2.     *Andrews vs. Hansa Stars Inc.*, Superior Court, Los Angeles County, 2009 WL 1587809 (Cal.Super. Apr. 16, 2009) (in connection with wrongful termination claims, two of the plaintiffs awarded **$375,000** and **$225,000** for emotional distress damages).

3.     *Silverman vs. Stuart F. Cooper Inc.*, Los Angeles County, 2013 WL 5820140 (Cal.Super. July 19, 2003) (jury awarded the plaintiff **$151,333** for past and future emotional distress in wrongful termination, FEHA discrimination, FEHA retaliation, FEHA harassment/failure to prevent discrimination and harassment, and failure to pay final wages and waiting time penalties case.) *See Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMM (FMOx), 2013 WL 815975, at *2 (C. D. Cal. Mar. 5, 2013) (a court may consider verdicts in similar cases when determining whether the amount in controversy exceeds the jurisdictional minimum where the complaint on its face does not identify a specific amount in controversy); *Marcel v. Pool Co.*, 5 F.3d 81, 83 (5th Cir. 1983) (court properly considered jury verdicts in other similar cases to reach conclusion that the amount in controversy exceeded $75,000.00).

## C.     Attorney's Fees

26.     Plaintiff also seeks to recover an unspecified amount in attorneys' fees related to all causes of action. *See* Martin Decl., **Exhibit A**, Compl., Prayer ¶ 4. In the language of the D.C. District Court, "[w]hen attorney fees are added into the equation," the conclusion that more than $75,000 is in controversy "becomes irresistible." *Parker-Williams, supra*, 53 F.Supp.3d at p. 153. This conclusion is only further supported by the fact that in the Ninth Circuit, district courts have the discretion to calculate fee awards using either the lodestar method or the "percentage-of-the-fund" method. *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) (citations omitted). As such, even where "the Court lacks the information required to calculate [attorneys'] fees, it is difficult

DEFENDANT EXTRA SPACE MANAGEMENT, INC.'S
NOTICE OF REMOVAL

FP 53834539.1

to believe that the amount in controversy [] could be lower than $75,000 when the [attorneys'] fees are factored in along with" other available damages. *Parker-Williams, supra*, 53 F.Supp.3d at p. 152. Simply put, it is more than likely that Plaintiff's attorney's fees, alone, will exceed $75,000 if this matter goes to trial.

### D. **Punitive Damages**

27. Plaintiff also seeks punitive damages. *See* Martin Decl., **Exhibit A**, Compl., Prayer ¶ 3. Many punitive damages verdicts exceed $75,000.00. *See Dunn v. Allstate Insurance Co*., 1997 WL 813002 at *2, No. 97CV1113JM (RBB) (S.D. Cal. Dec. 15, 1997) (since removing defendant was a corporation, "it [was] more likely that any award of punitive damages would exceed $75,000.00"); *see also, Richmond v. Allstate Insurance Co*., 897 F.Supp. 447, 451 (S.D. Cal. 1995). *See also, Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995) (concluding that a punitive damages claim was "more likely than not" to exceed the jurisdictional amount of $75,000). For instance, the Court might find useful the following punitive damages verdicts:

1. *Songco v. Century Quality Management, Inc.*, Los Angeles Superior Court, 1997 WL 682397 (Cal.Super. Oct. 1997) (**$245,000** in punitive damages on $17,982 in compensatory damages awarded in wrongful termination case).

2. *Hogan v. Archdiocese of Los Angeles*, 2001 WL 803303 (Cal.Super.Ct. 2001) (awarding $**200,000** in punitive damages and $35,000 in economic damages on a pregnancy discrimination cause of action).

3. *Ko v. Square Group, LLC*, Case No. BC 487739 (Sup. Ct. Cal. June 16, 2014) (disability discrimination case resulting in punitive damages award of **$500,000**).

4. *Stevens v. Von Companies, Inc.*, Case No. SC041162, 2006 WL 4543812 (Sup. Ct. Cal. Oct. 1, 2006) (sex discrimination case resulting in punitive damages award of **$475,000**).

FP 53834539.1

28. Although Defendant adamantly denies that any award of damages, let alone punitive damages, are recoverable, Plaintiff's prayer for punitive damages, by itself, also satisfies the $75,000 requirement.

29. Based on the nature of the allegations and damages sought in the Complaint, the evidence is sufficient to establish that Plaintiff has placed in controversy an amount exceeding the jurisdictional amount of $75,000.00, exclusive of costs and interest.

30. Accordingly, this State Court action may be removed to the United States District Court for the District of California – Eastern Division because, at the time this action was filed and the present time, diversity jurisdiction exists.

**VII.   THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET**

31. In accordance with 28 U.S.C. section 1446(a), the Declaration of Bret Martin in support of this Notice of Removal is accompanied by **Exhibits A and B**, which include copies of all process, pleadings, and orders served upon Defendant.

32. As required by 28 U.S.C. section 1446(b), the Notice of Removal was filed within 30 days after the Summons and Complaint was served on Defendant. *Hardy v. Square D Co.*, 199 F.Supp.2d 676, 680 (N.D. Ohio 2002).

33. In accordance with 28 U.S.C. section 1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via his counsel and file a copy of that Notice with the Superior Court of California, County of Sacramento.

**VIII. NOTICE PROVIDED TO STATE COURT AND PLAINTIFFS**

34. Written notice of this Notice of Removal and Removal in the United States District Court for the Eastern District of California will be served on Plaintiff's counsel of record. A copy of the Notice to Adverse Party of Removal of Action to Federal Court is attached to hereto as **Exhibit 1** (without exhibits because this Notice is the exhibit). In addition, a copy of this Notice of Removal and Removal will be filed with the Clerk of the Court in the Superior Court for the State

DEFENDANT EXTRA SPACE MANAGEMENT, INC.'S
NOTICE OF REMOVAL

FP 53834539.1

of California, County of Sacramento. A copy of the Notice to State Court of Removal of Action to Federal Court is attached hereto as **Exhibit 2** (without exhibits because this Notice is the exhibit).

THEREFORE, Defendant respectfully requests that the above-mentioned litigation, now pending before the Superior Court of California, County of Sacramento, be removed to the United States District Court for the Eastern District of California.

Dated:  February 18, 2025                           Respectfully submitted,

**FISHER & PHILLIPS LLP**


By:    /s/ *Madeleine M. Nadeau*
       Bret Martin
       Madeleine M. Nadeau
       Attorneys for Defendant
       Extra Space Management, Inc.

14                    Case No.: 2:25-at-233
DEFENDANT EXTRA SPACE MANAGEMENT, INC.'S
NOTICE OF REMOVAL

FP 53834539.1

# EXHIBIT 1

Bret Martin (SBN 304658)
     E-Mail:  bmartin@fisherphillips.com
Madeleine M. Nadeau (SBN 334366)
     E-Mail:  mnadeau@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile:  (858) 597-9601

Attorneys for Defendant
Extra Space Management, Inc.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| JORDAN BURKHARDT, an individual, <br><br> Plaintiff, <br><br> v. <br><br> EXTRA SPACE MANAGEMENT, INC., a Utah Corporation, and DOES 1 to 50, inclusive, <br><br> Defendants. | CASE NO.:  25CV001234 <br> *[Unlimited Jurisdiction]* <br><br> *Assigned for all purposes to the* <br> *Honorable Kenneth C. Mennemeier, Dept. 38* <br><br> **DEFENDANT EXTRA SPACE MANAGEMENT, INC'S NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** <br><br> Complaint Filed: January 15, 2025 <br> Trial Date:          Not Set |

**TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 18, 2025, Defendant Extra Space Management, Inc. ("Defendant" or "Extra Space"), by and through its undersigned counsel, filed a Notice and Petition for Removal ("Notice") pursuant to 28 U.S.C. sections 1332, 1441 and 1446, removing the above-captioned action to the United States District Court for the Eastern District of California. Attached hereto as **Exhibit A** is a copy of the Notice and Petition for Removal that was filed in the United States District Court for the Eastern District of California.

/ / /

/ / /

/ / /

Pursuant to 28 U.S.C section 1446(d), the filing of the aforesaid Petition for Removal in the District Court, together with the filing of this Notice with this Court and notice to all adverse parties, effects the removal of this action, and this Court may not proceed further with the above-captioned litigation unless and until the case is remanded.

DATE: February 18, 2025                    **FISHER & PHILLIPS LLP**

By:  _Madeleine N._

Bret Martin
Madeleine M. Nadeau
Attorneys for Defendant
Extra Space Management, Inc.

2

# EXHIBIT 2

Bret Martin (SBN 304658)
   E-Mail:  bmartin@fisherphillips.com
Madeleine M. Nadeau (SBN 334366)
   E-Mail:  mnadeau@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile:  (858) 597-9601

Attorneys for Defendant
Extra Space Management, Inc.

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| JORDAN BURKHARDT, an individual,<br><br>     Plaintiff,<br><br>     v.<br><br>EXTRA SPACE MANAGEMENT, INC., a Utah Corporation, and DOES 1 to 50, inclusive,<br><br>     Defendants. | CASE NO.:  25CV001234<br>*[Unlimited Jurisdiction]*<br><br>*Assigned for all purposes to the*<br>*Honorable Kenneth C. Mennemeier, Dept. 38*<br><br>**DEFENDANT EXTRA SPACE MANAGEMENT, INC.'S NOTICE TO STATE COURT OF REMOVAL OF ACTION TO FEDERAL DISTRICT COURT**<br><br>Complaint Filed: January 15, 2025<br>Trial Date:     Not Set |

**TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF SACRAMENTO:**

**PLEASE TAKE NOTICE** that on February 18, 2025, Defendant Extra Space Management, Inc. ("Defendant"), by and through its undersigned counsel, filed a Notice of Removal ("Notice") pursuant to 28 U.S.C. sections 1332, 1441 and 1446, removing the above-captioned action to the United States District Court for the Eastern District of California. Attached hereto as **Exhibit A** is a copy of the Notice of Removal that was filed in the United States District Court for the Eastern District of California.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. section 1446(d), the filing of the Notice of Removal in the United States District Court, together with this Notice with

1

this Court, effectuates the removal of this action. Accordingly, no further proceedings should take place in this Court unless and until the case has been remanded.

DATE:  February 18, 2025                    **FISHER & PHILLIPS LLP**

By:  _Madeleine N._
Bret Martin
Madeleine M. Nadeau
Attorneys for Defendant
Extra Space Management, Inc.

2

**CERTIFICATE OF SERVICE**

I, the undersigned, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On February 18, 2025 I served the foregoing document entitled **DEFENDANT EXTRA SPACE MANAGEMENT, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Timothy B Del Castillo (SBN 277296)<br>Lisa L. Bradner (SBN 197952)<br>Kent L. Bradbury (SBN 279402)<br>Bryce Q. Fick (SBN 322951)<br>**CASTLE LAW: CALIFORNIA EMPLOYMENT COUNSEL, PC**<br>2999 Douglas Blvd., Suite 180<br>Roseville, California 95661 | Telephone: (916) 245-0122<br>E-Mail:<br>    tdc@castleemploymentlaw.com<br>    lb@castleemploymentlaw.com<br>    kb@castleemploymentlaw.com<br>    bf@castleemploymentlaw.com<br><br>*Attorneys for Plaintiff,*<br>*Jordan Burkhardt* |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed February 18, 2025 at San Diego, California.

| | |
|---|---|
| Angelica Green-Rosas | By: *Angelica Green-Rosas* |
| Print Name | Signature |

1

Case No.: 2:25-at-233

CERTIFICATE OF SERVICE

FP 53834539.1